FILED & ENTERED

FEB 24 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

## ORDER NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>L. SCOTT APPAREL, INC.,<br><br>        Debtor.<br><hr>HOWARD GROBSTEIN as Liquidating Trustee of L. Scott Apparel Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>HUIZE TRADING LTD., a foreign business entity of unknown form,<br><br>        Defendant. | Case No. 2:13-bk-26021-RK<br><br>Chapter 11<br><br>Adv. No. 2:15-ap-01434-RK<br><br>**ORDER STRIKING DEFENDANT'S ANSWER AND ENTERING DEFAULT AGAINST DEFENDANT**<br><br>DATE:  February 16, 2016<br>TIME:   1:30 p.m.<br>PLACE: Courtroom 1675 |

A status conference came before the court on February 16, 2016, at 1:30 p.m. in the above-captioned adversary proceeding, the undersigned United States Bankruptcy Judge presiding.  Plaintiff Howard Grobstein as Liquidating Trustee of L. Scott Apparel Inc. ("Plaintiff"), by his counsel of record, Lori L. Wederitch of Greenberg Glusker Fields Claman & Machtinger LLP, appeared at the status conference.  No appearance was made by or on behalf of Defendant Huize Trading, LTD., a foreign business entity of unknown form ("Defendant").

On August 12, 2015, Plaintiff filed his complaint for avoidance and recovery of preferential transfer (11 U.S.C. §§ 547 and 550) and objection to claim (the "Complaint") against Defendant.  ECF 1.  At the initial status conference in the above-captioned adversary proceeding, held on October 13, 2015, the court continued the status conference to December 15, 2015 to permit the parties to conclude settlement negotiations and for Plaintiff to serve Defendant with the Complaint.  *See also*, ECF 6.

On December 1, 2015, Defendant filed its answer to Plaintiff's Complaint ("Answer") with the court, ECF 8, on behalf of itself in violation of Local Bankruptcy Rule 9011-2(a), which requires Defendant, as an entity, to appear by counsel.  Local Bankruptcy Rule 9011-2(a) expressly provides that,

> **<u>Corporation, Partnership, Unincorporated Association, or Trust</u>.**  A corporation, a partnership including a limited liability partnership, a limited liability company, or any other unincorporated association, or a trust may not file a petition or otherwise appear without counsel in any case or proceeding, except that it may file a proof of claim, file or  appear  in support of an application for professional compensation, or file a reaffirmation agreement, if signed by an authorized representative of the entity.

(Emphasis in original).

Additionally, Defendant's filed Answer was unsigned in violation of Rule 9011(a) of the Federal Rules of Bankruptcy Procedure, which requires that every pleading "be signed by at least one attorney of record in the attorney's individual name" or "[a] party who is not represented by an attorney."

At the December 15, 2015 status conference, Plaintiff appeared through his counsel of record, Lori L. Wederitch.  No appearance was made by or on behalf of Defendant.  Noting that Defendant, as an entity, is not represented by counsel as required by Local Bankruptcy Rule 9011-2(a), the court noted that Defendant's answer could be stricken.  The court entered an order continuing the status conference to February 16, 2016 and ordering the parties to file a status report by February 2, 2016. ECF 11.

The parties failed to file the required joint status report by the February 2, 2016 deadline in compliance with Local Bankruptcy Rule 7016-1(a)(2).  However, Plaintiff filed a unilateral status report by the February 2, 2016 deadline in compliance with Local Bankruptcy Rule 7016-1(a)(3), explaining that,

> Plaintiff's counsel informed counsel for Defendant, who is located in China, of the Court's requirement for retaining counsel barred [sic] to practice in the U.S.  Plaintiff's counsel further advised that the Court indicated that it would strike Defendant's answer if American counsel is not retained. Chinese counsel has stopped responding.  The lack of response, coupled with counsel being located in China, has precluded Plaintiff's ability to meet and confer.

ECF 13.  Defendant did not file a unilateral status report as required by Local Bankruptcy Rule 7016-1(a)(3), which provides that, "If any party fails to cooperate in the preparation of a joint status report and a response has been filed to the complaint, each party must file a unilateral status report not less than 7 days before the date set for each status conference, unless otherwise ordered by the court."  Furthermore, only Plaintiff, through his counsel of record, Lori L. Wederitch, appeared at the February 16, 2016 status conference.  No appearance was made by or on behalf of Defendant at the status conference as required by Local Bankruptcy Rule 7016-1(a)( 1).

Based on the foregoing, it is hereby ORDERED that:

1. Pursuant to Local Bankruptcy Rules 7016-1(f) and (g) and 9011-3, the court strikes Defendant's Answer and enters default against Defendant for Defendant's failure to be represented by counsel in this adversary proceeding as required by Local Bankruptcy Rule 9011-2(a), sign its Answer as required by Rule 9011(a) of the Federal Rules of Bankruptcy Procedure, appear at the December 15, 2015 and February 16, 2016 status conferences as required by Local Bankruptcy Rule 7016-1(a)(1), and participate in the drafting of the joint

///

///

status report or file its own unilateral status report for the February 16, 2016

status conference as required by Local Bankruptcy Rule 7016-1(a)(2) and (3).

IT IS SO ORDERED.

### 

Date: February 24, 2016

_____

Robert Kwan
United States Bankruptcy Judge